AO 91 (Rev. 11/11) Criminal Complaint

**Sealed**
Public and unofficial staff access
to this instrument are
prohibited by court order

# UNITED STATES DISTRICT COURT

for the

Southern District of Texas    ▼

United States Courts
Southern District of Texas
FILED

*May 16, 2025*

Nathan Ochsner, Clerk of Court

| United States of America | ) | |
| v. | ) | |
| CHARLES SIRINGI | ) | Case No. |
| | ) | **4:25-mj-304** |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of ___March 31, 2025___ in the county of ___Montgomery___ in the ___Southern___ District of ___Texas___, the defendant(s) violated:

| Code Section | Offense Description |
| --- | --- |
| Title 18 USC 242 | Deprivation of rights under color of law resulting in bodily injury |

This criminal complaint is based on these facts:

See Attached Affidavit

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Sergio A. Lopez, Special Agent
*Printed name and title*

Sworn to before me and signed by telephone.

Date: ___05/16/2025___

_____
*Judge's signature*

City and state: ___Houston, Texas___

Richard Bennett, US Magistrate Judge
*Printed name and title*

Sealed
Public and unofficial staff access
to this instrument are
prohibited by court order

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

IN THE MATTER OF:                          §
CHALES SIRINGI                             §          Case No. _____ **4:25-mj-304**
                                           §

## AFFIDAVIT IN SUPPORT OF APPLICATION

Your Affiant, Sergio A. Lopez, being duly sworn, deposes and says:

1. I am a Special Agent (SA) with the Department of Homeland Security (DHS), U.S. Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI). I have been a Special Agent (SA) with HSI since November of 2016. I have been a federal law enforcement officer since 2008. I am currently assigned to the ICE Office of Professional Responsibility (OPR) and serve under the title of Senior Special Agent (SSA). In this assignment, I am charged with investigating allegations of serious misconduct of employees, whether those allegations are administrative policy violations or federal criminal violations.

   During my career as an SA, I have been the lead case agent, co-case agent, or participated in criminal investigations of human smuggling, human trafficking, narcotics smuggling, money laundering, document and visa fraud, and complex conspiracies. Among other things, I have conducted or participated in surveillance, the execution of search and arrest warrants, controlled deliveries, buy/walk and buy/bust operations, debriefings of informants and reviews of recorded conversations.

   Additionally, I am certified by the Federal Law Enforcement Training Centers (FLETC) as a Use of Force Instructor. I am certified by ICE as a Firearms Instructor, Defensive Tactics Instructor, Undercover Advanced Defensive Tactics Instructor, Tactics Instructor, Taser Instructor and as a Crisis Negotiator. I have provided all means of Use of Force training to hundreds of ICE Agents and Officers. I recently served as a Course Developer/Instructor (CDI) at Ft. Benning, GA, where ICE holds Instructor Certification Courses. The training I delivered includes classroom lectures and discussions on the 4th Amendment, with specific focus on *Graham v. Connor*, *Tennessee v. Garner*, and *Scott v.*

1

*Harris*. I have also judged and graded instructor candidates in scenario-based training. During these scenarios, some of which I created myself, the candidate is faced with a situation and must correctly decide what force is reasonable and necessary. Once the scenario concludes, the candidate must articulate their use of force to a CDI. CDIs grade the candidates on their use of force and will determine if a candidate passes, fails or requires remediation.

2. This Affidavit is made in support of a criminal complaint charging CHARLES SIRINGI (B/M, DOB 09/22/1958) with violating Title 18 U.S.C. § 242 – deprivation of rights under color of law. I am familiar with the information contained in this Affidavit based upon the investigation I have personally conducted and my conversations with other law enforcement officers involved in this investigation, or who have engaged in numerous investigations involving violations of civil rights.

3. Because this Affidavit is being submitted for the limited purpose of securing a criminal complaint, I have not included each and every fact known to me concerning this investigation, I have set forth only those facts that I believe are necessary to establish probable cause that evidence of a violation of Title 18 U.S.C. § 242 has been committed by CHARLES SIRINGI on or about March 31, 2025. Where statements of others are set forth in this Affidavit, they are set forth in substance and in part.

4. On March 31, 2025, at approximately 11:45 a.m. CST, in the Southern District of Texas, Charles SIRINGI acting under color of law as a GEO Employee at the Montgomery Processing Center (MPC) in Conroe, TX, violated 18 U.S.C. 242 by grabbing detainee Cristian Rodriguez-Tizapa by the neck and throat, causing bodily injury, while Rodriguez-Tizapa was handcuffed.

5. SIRINGI used his hold on Rodriguez-Tizapa's neck and throat to slam him into a wall, drag him across a room, and slam him into a wall near the doorway. SIRINGI holds the rank of Major as a GEO Employee, he is the Chief of Investigations at the MPC. SIRINGI's actions were committed while in uniform and on duty at the MPC.

2

6.  Rodriguez-Tizapa was treated by medical personnel stationed at the MPC. The medical staff report noted Rodriguez-Tizapa to have two scratches on the back of the neck with bleeding present.

7.  On April 15, 2025, Affiant, along with other agents, interviewed Rodriguez-Tizapa at the MPC. Rodriguez-Tizapa stated he was handcuffed outside his housing unit by SIRINGI, escorted into a small room where upon entering SIRINGI told the officers in the room "you better get him before I do." Immediately thereafter, SIRINGI grabbed him by the neck and slammed him into the wall. Rodriguez-Tizapa turned around to face SIRINGI, at which point SIRINGI was now choking Rodriguez-Tizapa by continuing to hold him by his neck and throat. Rodriguez-Tizapa stated he tucked his chin down to his chest in because he was gasping for air. Rodriguez-Tizapa stated SIRINGI did not remove his hands from his throat, instead SIRINGI used the choke hold to move him across the room and slam him into the wall near the doorway.

8.  Rodriguez-Tizapa stated another officer who was present in the room when the incident occurred, later identified as Captain Elbert Griffin, attempted to handcuff him but was visibly surprised when he noticed Rodriguez-Tizapa was already handcuffed. Rodriguez-Tizapa stated Griffin immediately escorted him to medical where he was evaluated and treated for injuries to his neck and throat.

9.  On April 16, 2025, Affiant along with other agents interviewed Captain Elbert Griffin at the MPC. Griffin stated SIRINGI abruptly walked in with Rodriguez-Tizapa as he was conversing with Officer Colton. Griffin stated SIRINGI stated "get him" before immediately pushing Rodriguez-Tizapa against a wall. Griffin stated when Rodriguez-Tizapa turned around, SIRINGI placed at least one of his hands on Rodriguez-Tizapa's throat, causing Rodriguez-Tizapa to tuck his chin down to prevent being choked. Griffin stated SIRINGI then moved Rodriguez-Tizapa across the room and slammed his head into a window by the doorway. Griffin stated because SIRINGI's back was to him, he was unable to see if SIRINGI continued to have his hand or hands on Rodriguez-Tizapa's neck and throat. Griffin stated he grabbed Rodriguez-Tizapa's arm and began to handcuff him

3

before realizing Rodriguez-Tizapa had been in handcuffs the entire time. Griffin stated he immediately took Rodriguez-Tizapa to medical for treatment. Griffin stated he did not believe it was an appropriate use of force, nor did he believe Rodriguez-Tizapa had been resisting in any manner.

10. Based upon the information delineated above, I believe that probable cause exists for the issuance of a Criminal Complaint charging CHARLES SIRINGI (B/M, DOB 09/22/1958) with a violation of Title 18 U.S.C. § 242 – deprivation of rights under color of law resulting in bodily injury.

Sergio A. Lopez
Special Agent
U.S. Immigration and Customs Enforcement

Subscribed and sworn to telephonically on this 16th day of May 2025, and I find probable cause.

Honorable Richard Bennett
United States Magistrate Judge

4